IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REVEREND WESLEY CARROLL, )<br>(United States of America ex rel), )<br>)<br>                Petitioner )<br>)<br>  vs. )<br>)<br>JEFFREY A. MANNING, Corrupt )<br>Pennsylvania Judge; MOIRA )<br>HERRINGTON, Corrupt Pennsylvania )<br>Magistrate; MICHAEL CONAHAN, )<br>Corrupt Pennsylvania Judge; )<br>ALLEGHENY COUNTY COURT; MARK )<br>CIAVARELLA; JUDITH FREEMAN; )<br>ROBERT ATTHONEY, Corrupt )<br>Pennsylvania Attorney; WILLIAM )<br>SHARKEY, Corrupt Pennsylvania Court )<br>Administrator; PENNSYLVANIA CHILD )<br>CARE DETENTION CENTER; Corrupt )<br>Pennsylvania Center That Inslaves )<br>Children; PENNSYLVANIA WESTERN )<br>DISTRICT COURT; SUPERIOR COURT )<br>and COURT COM. PL.; RONALD NAGY, )<br>Corrupt City of Pittsburgh Police Officer; )<br>DEPARTMENT OF JUSTICE, )<br>)<br>                Respondents ) | Civil Action No. 10-490<br>Judge Arthur J. Schwab/<br>Chief Magistrate Judge Amy Reynolds Hay |

### REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the petition for mandamus be dismissed prior to service pursuant to the Court's inherent power to control its own dockets.

II.    Report

Wesley Carroll, a prolific pro se litigator and prisoner, has sent to this Court a Petition for

"Writ of Mandamus." It is not quite clear what Petitioner seeks to accomplish by this filing. The caption on one of his pages lists a whole host of state or local authorities. Dkt. [1-1] at 1. Moreover, Petitioner complains that he and many others are "having a major problems [sic] with the Judicial System and Courts, including the Pennsylvania Supreme Court of the Western District." Dkt. [1-1] at 2. It is not entirely clear to this Court that Petitioner's reference to the "Pennsylvania Supreme Court of the Western District" is a reference to the State Supreme Court or to the Federal District Court of the Western District of Pennsylvania. Petitioner also asserts that "way back in 2003, I was GRANTED and ORDERED Habeaus [sic] Corpus Release and Reliefs under 2241 from the Untied States Federal Court, yet no one in Pennsylvania, to this date will honor it or allow it to be enforced." Dkt. [1-1] at 3. We note in passing that a review of the dockets of the Federal District Courts in Pennsylvania fails to reveal any such grant of a writ of habeas corpus to Petitioner.

In a section of his filing entitled "FACTS," Petitioner appears to switch tracks and he focuses not on state courts but on this federal court and its Clerk's office. Specifically, in the "FACTS" section, Petitioner goes on to recount how on various dates he "has filed several actions to Courts in the Western District, as permitted, required, allowed and ruled by law." Dkt. [1-1] at 4, ¶ 1. Petitioner goes onto complain that

> the Clerk of the Court accepted the actions, refused to respond, and refused to act and refused to supply plaintiff, petitioner with docket numbers for said actions. Even many times after petitioner specifically requested compliance of said clerk, office and court, they still to this date refuse to act, rule or appropriately operate.
> 3. - All rulings apparentlyfinally made by some concerning above said undocketed actions were ruled Wrongfully, Incorrectly and overturned by various similar actions by the Honorable Appellate Courts.

2

Dkt. [1-1] at 4, ¶¶ 2 to 3.

Petitioner also apparently seeks to have this Court assist him in obtaining "computer access and immediate replacement of a new laptop computer with printer access." Dkt. [1-2] at 1. Lastly, Plaintiff seeks an order to take the deposition of all of the defendants in this case. Dkt. [1-3] at 1.

As conclusively demonstrated by the dockets of this Court, just like all other of Petitioner's many filings, the Clerk's office received the current petition and docketed it.

Pursuant to the Court's inherent power to control its own dockets,[1] the Court recommends that this petition be dismissed prior to service. It should be dismissed because, to the extent that it raises the claim that the Clerk's office is not docketing Petitioner's filings, the present "mandamus petition" is repetitious of two prior mandamus petitions prisoner Carroll sent in to this Court, one of which was dismissed by the Court of Appeals after being transferred there, In re Carroll, 272 Fed.Appx. 148 (3d Cir. 2008), and the second of which was dismissed pre-service by this Court. Carroll v. Barth, No. 2:09-CV-1465 (W.D. Pa., Dkt. [10] order filed 2/16/2010 dismissing the petition for mandamus), *aff'd sub nom.*, Carroll v. Puraty, Slip Copy, 2010 WL 2292327 (3d Cir. June 8, 2010)(non-precedential). Hence, we recommend dismissal because this present petition is simply repetitious of his earlier mandamus petitions and repetitious litigation is frivolous. The rule is that "[r]epetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir.

---

[1] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

1997)(quotation marks and alteration omitted).

In the alternative, what the Court of Appeals said in Carroll v. Purarty, 2010 WL 2292327, at * 1, applies equally here: "As in his earlier mandamus action, Carroll's claim that the District Court is not filing and docketing his submissions is unsupported. We also explained in that action that, to the extent Carroll is dissatisfied with how the District Court treats his submissions, the manner in which a court disposes of cases on its docket is within its discretion and Carroll is free to challenge on appeal the effect of the District Court's handling of a particular submission on a cause of action."

To the extent that Petitioner named state court Judges and personnel and state employees and local municipal employees, and to the extent that he seeks to have this Court mandamus them, the claim should be dismissed pre-service because this Court has no authority to mandamus state and local officials. See, e.g., Noble v. Cain, 123 Fed.Appx. 151, 152 (5th Cir. 2005)("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 Fed.Appx. 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, at *1 (4th Cir. 2000)("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies."); Hicks v. Brysch, 989 F.Supp. 797, 811 (W.D.Tex. 1997).

To the extent Petitioner seeks to have this Court assist him in obtaining a laptop computer,

4

and to do so by way of issuing a writ of mandamus to the state prison officials, the foregoing reasoning about the federal courts' lack of authority to issue such writs to state officials requires the dismissal of such a request. In addition, Petitioner has not named as a defendant herein any Department of Corrections official.

Given that we recommend dismissal of all of the claims, it is apparent that Plaintiff's request for an order directing that he be permitted to take depositions of the Defendants should be denied as moot.

Accordingly, for the foregoing reasons, this so called Petition for Mandamus should be dismissed prior to service.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 30 June, 2010

cc:	The Honorable Arthur J. Schwab
	United States District Judge

	Wesley Carroll- GE8666
	SCI-Waymart
	P.O. Box 256
	Waymart, PA 18472